```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION


MARCUS ORLANDO TATE,             :
a/k/a MARCUS ORLANDO TAITE,
a/k/a DR. ELIJAH JOSHUA          :
MUHAMMAD, II, a/k/a DRELIJAH
JOSHUA MUHAMMAD,                 :

     Plaintiff,                  :

vs.                              :   CIVIL ACTION 08-0333-BH-M

U.S. MAGISTRATE SONJA F. BIVINS,:

     Defendant.                  :
```

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that Plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).[1]

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action

---

[1] In light of this Report and Recommendation, the Order dated June 12, 2008 (Doc. 3) is **RESCINDED** and the pleading entitled "Default Judgment, Freed, Monetary Relief, Requested" filed on June 16, 2008 and docketed as a Motion for Default (Doc. 5) is **MOOT.**

>            or appeal in a court of the United States
>            that was dismissed on the grounds that it is
>            frivolous, malicious, or fails to state a
>            claim upon which relief may be granted,
>            unless the prisoner is under imminent danger
>            of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that Plaintiff previously had at least three actions that were dismissed on grounds enumerated in § 1915(g).  A review of the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama reflects that the following actions brought by Plaintiff were dismissed on one of these grounds, to-wit: *Marcus Orlando Taite v. Haley, et al.,* CA 02-0034-MHT-CSC (M.D. Ala. Apr. 18, 2002); *Marcus O. Tate, et al. v. Keahey, et al.,* CA 02-0734-BH-S (S.D. Ala. Feb. 11, 2003); and *Marcus Tate v. Lawson,* CA 06-01779-RBP (N.D. Ala. Nov. 17, 2006).

In addition, to these actions, Plaintiff, while a prisoner, filed *Drelijah Joshua Muhammad, II v. McIntyre, et al.,* CA 06-0228-BH-C (S.D. Ala. Oct. 17, 2006), which was dismissed for lack of subject matter jurisdiction.  The dismissal occurred in this manner because Plaintiff paid the filing fee for his § 1983 action and sued non-state actors, which placed his action beyond the purview of 28 U.S.C. §§ 1915 and § 1915A.  Nonetheless, his Complaint was found to be without legal merit.  By all reasoning, this action meets the criteria of *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), for a frivolous action - that a

frivolous action is one that is "based on indisputably meritless legal theory" or "lacks an arguable basis in law." *Id.* at 327, 328, 109 S.Ct. at 1827, 1833.  Therefore, it should be eligible for consideration as a "strike," but it need not be since Plaintiff already has three dismissals that satisfy § 1915(g)'s requirement of three dismissals.

Furthermore, Plaintiff filed this action on or about June 11, 2008, without paying the filing fee, knowing that he would be subject to § 1915(g).  This Court and the Court for the Middle District of Alabama previously entered Orders applying § 1915(g) to his actions and then dismissing the actions, *Tate v. Bass, et al.,* CA 07-0305-KD-C (S.D. Ala. June 22, 2007) and *Tate v. Bass,* CA 07-1093-MHT (M.D. Ala. Jan. 15, 2008).

In the present action, Plaintiff's Complaint (Doc. 1) does not indicate at the time of filing that Plaintiff was "under imminent danger of serious physical injury." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).  Rather, the Complaint reflects that Plaintiff is complaining about a ruling entered by Magistrate Judge Bivins of this Court in his action on her docket, *Tate v. Dale,* CA 06-0315-WS-B (pending).[2]  Therefore,

---

[2] Civil Action 06-0315-WS-B was received by the Court on May 18, 2006.  At that time Plaintiff had not accumulated "three strikes."

3

Plaintiff's Complaint does not meet § 1915(g)'s "imminent danger of serious physical injury" exception.

Because Plaintiff cannot avail himself of § 1915(g)'s exception and did not pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).  Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a

     magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     DONE this 18th day of June, 2008.

                                  s/BERT W. MILLING, JR.
                                  UNITED STATES MAGISTRATE JUDGE